IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ÁNGEL RAMOS-MATOS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant | CIVIL NO.: 11-1522 (MEL) |

**OPINION AND ORDER**

On October 11, 2012, defendant United States of America ("defendant") filed a motion *in limine* to exclude the expert testimony introduced by plaintiffs Ángel Ramos-Matos and Marilyn Ramos-Matos ("plaintiffs") (D.E. 36). Pending before the court is plaintiffs' motion to strike the exhibit attached to defendant's motion *in limine*, a sworn statement by Dr. Julio De Jesús-Gómez ("Dr. De Jesús") ("exhibit") (D.E. 37).

Plaintiffs seek to strike defendant's exhibit on the ground that Dr. De Jesús is not and cannot be an expert in this case. Docket No. 37, ¶ 3. Defendant states that it was not including Dr. De Jesús's statement as expert testimony; rather, it was "a narration of his actions in treating the patient, and the opinions he formed and relied on during the course of said examination and treatment." Docket No. 39, at 3.

The definition of "expert" under Rule 26 "does not encompass a percipient witness who happens to be an expert," such as a treating physician. Gómez v. Rivera Rodríguez, 344 F.3d 103, 113 (1st Cir. 2003); see also Downey v. Bob's Disc. Furniture Holdings, Inc., 633 F.3d 1, 6 (1st Cir. 2011) ("Like a treating physician—and unlike a prototypical expert witness—[witness] was not retained or specially employed for the purpose of offering expert opinion testimony.

Rather, he was an actor with regard to the occurrences from which the tapestry of the lawsuit was woven." (internal quotation omitted)).  While the distinction between a treating physician's opinion and "one formulated by an expert hired in anticipation of testimony does not leap off the page, a close reading of the text of Rule 26(a)(2)(B) convinces us that this is the precise distinction that the drafters of the rule had in mind." Id. at 7.

"[T]reating physicians are not bound by the expert report requirements of Rule 26 so long as they limit their testimony to those opinions they formed and relied on during the course of their examination and/or treatment of the patient." González v. Executive Airlines, Inc., 236 F.R.D. 73, 79 (D.P.R. 2006).  The statement offered by Dr. De Jesús focuses primarily on the events between patient Luis Ramos Sandoval's ("Sandoval" or "patient") appointment on May 14, 2007, and his post-operative visit on December 7, 2007.  Docket No. 36-1; Docket No. 1, at 3.  Although Dr. De Jesús makes reference to a few scholarly sources, they are limited and within the context of explaining his actions with respect to Sandoval.  Furthermore, the only purpose of defendant's exhibit is to challenge an alleged factual assumption of plaintiffs' expert testimony, not to establish any opinion that requires scientific, technical, or other specialized knowledge.[1]  Thus, Dr. De Jesús's statement does not run afoul of Rule 26.

Plaintiff's motion to strike defendant's exhibit (D.E. 37) is **DENIED**.  The exhibit will not be stricken, but will only be considered to the extent that it aids the court in the disposition of the motion *in limine* to exclude plaintiffs' expert testimony (D.E. 36).

---

[1] Because the statement was not made in trial and does not fall within an exclusion or exception, it is barred from being entered into evidence.  See FED. R. EVID. 802.  Thus, the court will consider the exhibit only as it pertains to the motion to which it is attached.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 21st day of November, 2012.

s/Marcos E. López
U.S. Magistrate Judge
