IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ÁNGEL RAMOS-MATOS, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>   Defendant | CIVIL NO.: 11-1522 (MEL) |

## OPINION AND ORDER

Pending before the court is defendant United States of America's ("defendant") motion *in limine* (D.E. 36) to exclude the expert testimony of Dr. Juan A. Rosado Matos ("Dr. Rosado"), to be introduced by plaintiffs Ángel Ramos-Matos and Marilyn Ramos-Matos ("plaintiffs"). Defendant seeks to exclude Dr. Rosado's expert testimony because it is allegedly based on the "false assumption" that the treating dentist, Dr. Julio De Jesús-Gómez ("Dr. De Jesús"), did not examine Luis Ramos Sandoval's ("patient") medical history and was unaware that patient was chronically anticoagulated and had liver cirrhosis. Docket No. 36, at 2. According to a sworn statement by Dr. De Jesús, he evaluated the patient's medical record prior to the extraction of the patient's tooth. Docket No. 36-1, ¶ 4.

Defendant's argument focuses on the factual basis for Dr. Rosado's conclusions, which generally "'goes to the credibility of the testimony.'" See Morales v. Monagas, 723 F. Supp. 2d 411, 416 (D.P.R. 2010) (quoting Brown v. Wal-Mart Stores, Inc., 402 F. Supp. 2d 303, 308 (D. Me. 2005). Correspondingly, "questions relating to the bases and sources of an expert's opinion affect the *weight* to be assigned that opinion rather than its *admissibility* and should be left for

the [factfinder]'s consideration." Primrose Operating Co. v. Nat'l Am. Ins. Co., 382 F.3d 546, 562 (5th Cir. 2004) (emphasis in original) (internal quotation omitted).

"It is only if an expert's opinion is so fundamentally unsupported that it can offer no assistance to the [factfinder] must such testimony be excluded." Larson v. Kempker, 414 F.3d 936, 941 (8th Cir. 2005) (internal quotation omitted). In other words, "'when indisputable record facts contradict or otherwise render the opinion unreasonable, it cannot support a [factfinder]'s verdict.'" Sullivan v. Nat'l Football League, 34 F.3d 1091, 1105 (1st Cir. 1994) (quoting Brooke Group Ltd. v. Brown & Williamson Tobacco Corp., 509 U.S. 209, 242 (1993)). A crucial element of this analysis is whether the contradictory record facts are *indisputable*. If the contradictory facts are at issue in a case, then the expert testimony, if otherwise admissible, may be presented to the factfinder.

In their opposition, plaintiffs argue that whether Dr. De Jesús was aware of patient's medical history and conditions is a material dispute of fact reserved for the factfinder. Docket No. 37, ¶ 2. Defendant does not contest this; it specifically states that it "does not claim Dr. De Jesús' testimony is undisputed." Docket No. 39, at 2. Thus, "[t]he bulk of [defendant]'s arguments against admissibility are simply a rehashing of [a] central factual dispute[] of the case dressed up as attacks on the expert's testimony through Rule 703." Int'l Adhesive Coating Co., Inc. v. Bolton Emerson Int'l, Inc., 851 F.2d 540, 545 (1st Cir. 1988). As such, the testimony of Dr. De Jesús is insufficient to prevent the admission of Dr. Rosado's testimony. The accuracy of Dr. Rosado's assumption that Dr. De Jesús did not consult the patient's medical history and was unaware of his anticoagulated status merely addresses the *weight* of the expert testimony.

Furthermore, Dr. Rosado's expert report does not appear to rely exclusively on the aforementioned assumption. Dr. Rosado did conclude that Dr. De Jesús "departed from the

standard of care" due to the lack of evidence that "a comprehensive medical history form was completed, … that Dr. Julio De Jesús was aware of patient's medical conditions, … [and] that Dr. De Jesús was aware of th[e] laboratory result" from November 8, 2007. Docket No. 40-1, at 3. Nevertheless, Dr. Rosado also determined that Dr. De Jesús "departed from the standard of care" when he "did not check for the INR/ hemoglobin levels, and/or sent [*sic*] the patient to the Emergency Room," after "patient returned three days later due to the excessive bleeding." Docket No. 40-1, at 3. Defendant has failed to demonstrated how this conclusion depended on Dr. De Jesús's lack of knowledge about the patient's medical history and conditions, merely stating that "[t]he report continues to use [t]his assumption" and that the "entire expert opinion" was "based … on a false assumption." Docket No. 36, at 2.

Based on the foregoing analysis, defendant has not shown that Dr. Rosado's testimony is not "based on sufficient facts or data" and should therefore be excluded. FED. R. EVID. 702. Thus, defendant's motion *in limine* to exclude plaintiffs' expert testimony (D.E. 36) is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 21st day of November, 2012.

s/Marcos E. López<br>U.S. Magistrate Judge